Cʃm

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PEDINOL PHARMACAL, INC.,

                    Plaintiff,

                 -against-

RISING PHARMACEUTICALS, INC.,

                    Defendant.
-------------------------------------------------------X

MEMORANDUM AND ORDER

CV 06-2120

(Wexler, J.)

APPEARANCES:

    MORITT HOCK HAMROFF & HOROWITZ LLP
    BY: MICHAEL S. RE, ESQ.
    Attorneys for Plaintiff
    400 Garden City Plaza
    Garden City, New York 11530

    HANOR & GUERRA
    BY: CHARLES W. HANOR
    750 Rittiman Road
    San Antonio, TX 78209
    Attorneys for Plaintiff

    LEEDS MORELLI & BROWN
    BY: RICK OSTROVE, ESQ.
    One Old Country Road
    Suite 347
    Carle Place, NY 11514
    Attorneys for Plaintiff

    RUSKIN MOSCOU FALTISCHEK, P.C.
    BY: MARK S. MULHOLLAND, ESQ.
    190 EAB Plaza, East Tower
    15th Floor
    Uniondale, NY 11556-0190
    Attorneys for Defendant Rising Pharmaceuticals

MCDERMOTT WILL & EMORY, LLP
BY: THEODORE R. STEPHENS, ESQ.
600 13th Street, N.W.
Washington, DC 20005
Attorneys for Defendant Rising Pharmaceuticals

THE LUSTIGMAN FIRM, P.C.
BY: SCOTT SHAFFER, ESQ.
Attorneys for Defendant Rising Pharmaceuticals
149 Madison Avenue
New York, New York 10016-6713

BRACKEN, MARGOLIN & GOUVIS, LLP
BY: LINDA U. MARGOLIN, ESQ.
One Suffolk Square
Suite 300
Islandia, NY 11749
Attorneys for Defendant Rising Pharmaceuticals

TROUTMAN SANDERS LLP
BY: BARRY J BRETT, ESQ.
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
Attorneys for Defendant Gold

WEXLER, District Judge

This is a Lanham Act case that was tried before a jury. The jury heard both the claim of Plaintiff Pedinol Pharmacal, Inc. ("Pedinol") against Defendant Rising Pharmaceuticals, Inc. ("Rising") as well as the claim of Rising against Pedinol.[1] Both sides were found to have violated the Lanham Act. For reasons discussed below, the jury did not decide any issue as to money damages with respect to Rising. As to Pedinol, the jury found that Pedinol was entitled to recover nothing in actual damages, and $1 in nominal damages. Presently before the court is an

---

[1] A claim brought by Pedinol against individual Defendant Ronald Gold was dismissed before submission of the case to the jury.

2

issue relating to the parties' post-trial requests for equitable relief. Specifically, Rising objects to Pedinol's post-trial request for an accounting of Rising's profits. Rising argues that Pedinol submitted any and all requests for money to the jury and, with the exception of the jury's nominal award, that request was denied. It is Rising's position that having been rebuffed by the jury in its quest for money damages, Pedinol may not now couch that request as one for an equitable accounting, seeking money.

## BACKGROUND

### I.   Pretrial Proceedings and Pedinol's Statement of its Position

Approximately one week prior to the commencement of trial, Pedinol sent correspondence to the court objecting to Rising's alleged "eve of trial" change to its damages theory. Specifically, Pedinol argued that while Rising originally sought damages in the form of lost profits, price erosion and lost opportunity, it changed its theory to one seeking all of Pedinol's profits during the period when allegedly false statements were made. Pedinol objected vociferously to this alleged change, arguing that it was in no position to defend against such a theory since it had taken discovery only with respect to the lost profits theory of damages. At a conference held in chambers to discuss this matter, Rising denied that it changed its damages theory but agreed to submit its damages claim to the court, post trial. This procedure would allow Pedinol to present its damages to the jury, without having to respond to a damages theory it alleged it was not yet prepared to defend.

Thus, it was agreed that the issue of Pedinol's damages would be submitted to the jury, but that the court would decide the issue of Rising's damages. Injunctive relief was not specifically addressed at the conference. However, the court was under the impression, and the

parties do not argue otherwise, that any issues as to injunctive relief, on either side, would be decided by the court after trial.

The issue of damages came up at a sidebar conference during trial when Pedinol called its damages expert. At sidebar, and on the record, the court was reminded of the pre-trial agreement to have the jury decide damages only with respect to Pedinol. At that same sidebar conference, all counsel made clear their agreement that the court would handle the issue of Rising's damages after trial. Pedinol's counsel made clear Pedinol's theory of damages, stating that "loss/profit analysis and damages to trademark," was Pedinol's "damage theory" all along. There was no mention that there would be any post trial attempt to seek any money through an accounting of Rising's profits.

II. The Court's Charge and the Jury's Findings

The court's instructions to the jury reflected the parties' agreement as to the issues to be submitted. Specifically, the court instructed the jury as follows:

> As to damages, I instruct you that you will be considering damages only with respect to Pedinol and only if you find in favor as to Pedinol. In the event that you find in favor of Rising, the issue of damages will be decided by me. It is not for you to consider why this procedure is being followed and you are to draw no conclusions as to the liability of any party here based upon this procedure.

The court's specific instructions on damages stated:

> Damages means the amount of money that will reasonably and fairly compensate Pedinol for any injury that was proximately caused by the other party's violation of the Lanham Act. You should consider whether any of the following exists, and if so to what extent, in determining damages:
>
> 1. Any loss of profits,
> 2. Any injury to reputation, including any injury to general business reputation; and,
> 3. Any other factors that bear on actual damages.

Finally, the jury was instructed as to nominal damages as follows:

4

> If you find in favor of Pedinol on its claim but you find that Pedinol's damages have no monetary value, then you must return a verdict for Pedinol on that claim in the nominal amount of one dollar ($1.00).

As noted, the jury returned a verdict of liability as to both parties. As to Pedinol's damages, the jury awarded only $1 in nominal damages. Thus, the jury rejected any argument that Pedinol suffered any monetary injury as a result of Rising's Lanham Act violation.

## III. Post-Trial Request for Relief

At the close of trial the court reserved decision as to motions and instructed the parties to brief the remaining issues. Those motions are presently being exchanged by the parties. The issue here came to the attention of the court when Rising objected to a brief it received seeking an accounting of Rising's profits as part of Pedinol's request for equitable relief. Rising requested that the court rule on the propriety of Pedinol's request prior to having to respond on the merits. The court directed the parties to submit letters to the court on the issue.

## IV. Disposition

The court's review of the parties' submissions and, more importantly, its own recall of the proceedings, as well as considerations of equity, leads the court to conclude that Pedinol is barred from seeking money damages, whether in the form of lost profits, Rising's profits, or any other theory.

It is clear to the court that Pedinol agreed to cast its lot with the jury regarding any claim for money damages. Pedinol had the opportunity to object to the damages charge. It did not do so but, instead, agreed to the jury charge as set forth above. That charge specifically allowed the jury to determine whether Pedinol suffered injury in the form of lost profits, a finding that the jury rejected. There was never any reference made to a post-trial claim for damages, albeit in the

5

form of a request for an accounting, waiting in the wings.

While the court recognizes that an accounting is an equitable procedure, the court also recognizes its duty to apply principles of equity to these proceedings. See 15 U.S.C. § 1117(a) (award in Lanham Act case subject to "principles of equity"). Equitable principles call for an accounting where, for example, the party requesting an accounting can show that in the absence of defendant's acts, "the defendant's sales would otherwise have gone to the plaintiff." Information Superhighway, Inc. v. Talk America, Inc., 395 F. Supp.2d 44, 57 (S.D.N.Y. 2005), quoting, George Basch Co., Inc. v. Blue Coral, Inc., 968 F.2d 1532, 1538 (2d Cir. 1992).

The court recognizes that it may be difficult, in a Lanham Act case, to prove damages. Indeed, it is this principle, set forth in George Basch, on which Pedinol relies. Pedinol's reliance on George Basch here, however, is misplaced. While that case recognizes the difficulty in establishing lost sales as a result of a Lanham Act violation, the Second Circuit also noted that "while a plaintiff who seeks the defendant's profits may be relieved of certain evidentiary requirements otherwise carried by those trying to prove damages, a plaintiff must nevertheless establish its general right to damages before defendant's profits are recoverable." George Basch, 968 F.2d at 1539. The jury's rejection of Pedinol's lost profits claim supports the conclusion that there was no such showing here.

Finally, the court observes that if the jury had awarded Pedinol the lost profit damages it sought at trial, there is no doubt that Pedinol would not thereafter also seek an accounting of Rising's profits. Where, as here, the parties are competitors in the same field for the same customers, any such request would be rejected as a double recovery. It would be patently unfair for the court to allow Pedinol to submit part of its damages theory to the jury with neither

6

reservation nor indication of another theory, and then having lost before the jury, seek damages from the court under an equitable theory of recovery.

Under the circumstances the court holds that Pedinol may not submit a request for an accounting of Rising's profits. Neither the record of the proceedings, nor common sense, nor principles of equity allow such a request. Rising need not respond to Pedinol's request for an accounting.

## CONCLUSION

Pedinol's post trial request for an accounting of Rising's profits is denied.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 18, 2008